UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-01205-AGF |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Jeffrey Cooper was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further proceedings.

## **BACKGROUND**

Plaintiff, who was born on January 27, 1965, filed his application for benefits on May 7, 2015, alleging disability beginning February 18, 2012, due to anxiety, hyperactive thyroid, high cholesterol, insomnia, and bipolar disorder. On June 19, 2015, Plaintiff's application was denied at the initial administrative level, and he thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 20, 2016, at which Plaintiff, who was represented by

counsel, and a vocational expert ("VE") testified. The ALJ also obtained interrogatory responses from a different VE on August 7, 2016.[1] By decision dated October 7, 2016, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease and bipolar disorder. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary unskilled work, as defined by the Commissioner's regulations, except that Plaintiff was further limited as follows:

> he can occasionally climb ramps and stairs, but is unable to climb ladders, ropes or scaffolds. He can occasionally stoop, kneel, crouch and crawl. He is *unable to reach overhead bilaterally*. He must avoid exposure to extreme vibration, all operational control of moving machinery, working at unprotected heights, and the use of hazardous machinery. He is limited to occupations that involve only simple, routine and repetitive tasks. In a low stress job defined as requiring only occasional decision making and only occasional changes in the work setting with only casual and infrequent contact with co-workers.

Tr. 27 (emphasis added).

The ALJ next found that Plaintiff could perform the following sedentary unskilled jobs listed in the Dictionary of Occupational Titles ("DOT"), which the VE stated by interrogatory response that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy: assembler (DOT 706.684-030, 1991 WL 679052), optical goods assembler (DOT 713.687-018, 1991 WL 679271), and circuit board screener (DOT 726.684-110, 1991 WL 679616). The VE also checked "no" in

---

[1] As Plaintiff's argument before this Court focuses entirely on this VE's interrogatory responses, rather than the testimony of the original VE, any further reference to the "VE" in this Memorandum and Order will be to the VE who responded to the interrogatories.

response to an interrogatory as to whether there were any conflicts between her response regarding the hypothetical person noted above and the occupational information contained in the DOT. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration, which was denied on March 2, 2017. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff asserts only one argument before this Court: that the ALJ failed to identify or resolve the apparent conflict between the VE's interrogatory responses and the DOT and its companion volume, the Selected Characteristics of Occupations ("SCO"). Specifically, Plaintiff argues that a conflict existed in that the VE stated that a hypothetical individual with no ability to reach overhead bilaterally could perform three jobs that the DOT/SCO describes as requiring "frequent" reaching. Plaintiff asks that the ALJ's decision be reversed and that the case be remanded in order for the ALJ to identify and resolve this apparent conflict.

**Agency Records, Medical Records, Evidentiary Hearing, and ALJ's Decision**

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Facts (ECF No. 16-1), as amended by Defendant to exclude a legal argument and to clarify that the ALJ's non-disability determination was limited to the time period between Plaintiff's alleged onset date and his date last insured (ECF No. 19-1); as well as Defendant's Statement of Additional Facts (ECF No. 19-2), which have been

admitted by Plaintiff (ECF No. 20-1). Together, these statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a severe impairment or combination of impairments.

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**VE's Interrogatory Responses and the DOT**

An ALJ has a duty to make sufficient inquiry to determine whether a conflict exists between a VE's testimony and the information provided in the DOT, and if there is an "apparent unresolved conflict," to "elicit a reasonable explanation for the conflict and resolve the conflict by determining if the explanation given [by the VE] provides a basis for relying on the VE testimony rather than on the DOT information." *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (citations omitted). "The ALJ is not absolved of this duty merely because the VE responds 'yes' when asked if her testimony is consistent with the DOT." *Id.* at 990. And "[a]bsent adequate rebuttal, . . . VE testimony that conflicts with the DOT does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform." *Id.*

The Court agrees with Plaintiff that an apparent unresolved conflict exists between the ALJ's hypothetical describing a claimant who was unable to reach overhead bilaterally, and the three DOT job listings identified by the VE, which each require frequent reaching. *See* 1991 WL 679052, 1991 WL 679271, and 1991 WL 679616. Although Defendant correctly notes that the DOT is silent with respect to how much of this reaching, if any, is overhead,[2] the record does not reflect whether the ALJ recognized the possibility of a conflict here. The VE did not explain the possible conflict, and the ALJ sought no such

---

[2] "In appendix C of the SCO, 'reaching' is defined as 'extending the hands and arms in any direction.'" *Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014).

6

explanation. Remand is thus required. *See Moore*, 769 F.3d at 989-90 (remanding upon finding that there was an apparent unresolved conflict between the ALJ's hypothetical describing a claimant who could "only occasionally perform overhead reaching bilaterally," and the DOT job listings of janitorial work and cafeteria attendant, which both require "frequent" reaching, and the ALJ did not seek an explanation of such conflict, instead relying on the VE's conclusory confirmation that her testimony was consistent with the DOT).

Nor is the Court persuaded by Defendant's argument that the DOT's substantive descriptions of job duties with respect to the assembler, optical goods assembler, and circuit board screener jobs (which involve, for example, attaching parts and performing minor repairs), alone, are sufficient to answer the question of whether any of the reaching required by these jobs is overhead. *See, e.g.*, *Moore*, 769 F.3d at 990 ("We conclude that the modifier 'clearing tables,' [as stated in the DOT job duty description], without more, was not sufficient to satisfy the question of whether or not the job of a cafeteria attendant requires more than occasional overhead reaching and that the ALJ improperly relied on the testimony of the VE without resolving this apparent conflict."); *Pacheco v. Astrue*, No. EDCV 09-1063 CW, 2010 WL 3488215, at *5 (C.D. Cal. Aug. 31, 2010) (remanding based on an unexplained apparent conflict between the claimant's limitation as to overhead reaching and the DOT description for assembler, DOT 706.684-030); *Spriggs v. Colvin*, No. 15-CV-1117-JPG-CJP, 2016 WL 7440809, at *6 (S.D. Ill. Dec. 27, 2016) (same with respect to optical goods assembler, DOT 713.687-018); *Jackson v. Comm'r of Soc. Sec.*,

7

No. 2:14-CV-988, 2015 WL 3470190, at *5-6 (S.D. Ohio June 1, 2015) (same with respect to circuit board screener, DOT 726.684-110), *report and recommendation adopted*, No. 2:14-CV-988, 2015 WL 3866202 (S.D. Ohio June 22, 2015).

On remand, the ALJ should elicit further explanation from the VE for any apparent unresolved conflicts between the VE's opinion and the DOT, which the ALJ may or may not accept as reasonable after evaluation.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED and the case is REMANDED** for further consideration by the ALJ.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 25th day of April, 2018.